UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOREST L. FATE SR.,

                Plaintiff,

-against-                            24-CV-4100 (LTS)

YONKERS POLICE DEPT.; THE CITY OF      ORDER OF DISMISSAL UNDER
YONKERS COMMISSIONER;                     28 U.S.C. § 1915(g)
WESTCHESTER COUNTY
COMMISSIONER,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who was detained at the Westchester County Jail at the time he filed this complaint, brings this action *pro se*.[1] Plaintiff also requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Fate v. New York*, No. 19-CV-4107 (CS), 2021 WL 1177966 (S.D.N.Y. Mar. 26, 2021) (discussing Plaintiff's litigation history and listing four "strikes" accumulated by Plaintiff). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

        Plaintiff has filed this new action seeking IFP status while he was detained in the Westchester County Jail, but his complaint does not show that he is in imminent danger of

---

[1] Along with the complaint, Plaintiff filed a letter stating that he was going to be released "tomorrow" and provided a residential address. (ECF 3.) Public records maintained by the Westchester Department of Corrections indicate that Plaintiff is no longer in custody.

serious physical injury. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009). Here, Plaintiff alleges that, on April 5, 2024, he was falsely arrested and that officers used excessive force on him during the arrest. Nothing in the complaint suggests that Plaintiff, who was detained in the Westchester County Jail at the time he filed the complaint, was in imminent danger of serious physical injury. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] Because Plaintiff is no longer in custody, he may commence a new action by filing a new complaint and paying the filing fees or submitting an IFP application. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

[3] The court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   June 6, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge